Joseph DELRIO, Jr. *v.* STATE of Arkansas

CR 78-28                                           568 S.W. 2d 15

Opinion delivered July 3, 1978
(In Banc)

*Robert E. Irwin,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant not guilty of driving while intoxicated; however, he was found guilty of interference with a law enforcement officer in the perform-ance of his official duties and his punishment assessed at five months' imprisonment and a $400 fine. Appellant asserts that the evidence does not justify conviction of the offense of interference with a law enforcement officer in the perfor-mance of his official duties.

Ark. Stat. Ann. § 41-2803 (a) (Repl. 1977) provides:

A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement of-ficer engaged in performing his official duties.

It appears that appellant does not argue on appeal the applicability of the statute. In arguing there is insubstantial evidence to support his conviction, he asserts that excessive force was used on him by the officers and any interference by him with the officers was an attempt to prevent them from in-

flicting upon him an unlawful beating. He asserts he merely exercised his right to resist an illegal beating, citing the Commentary to Ark. Stat. Ann. § 41-2803 (Repl. 1977). The evidence, viewed in the light most favorable to the appellee, which we must do on appeal, shows that the police were responding to a call from the proprietor of a drive-in concerning a disturbance there when they spotted a car which met the description given them. One of the arresting officers testified that appellant was driving in an erratic manner and they stopped him. The officer detected "a strong odor of alcohol about [appellant's] person," "[h]e was unsteady on his feet," "walked in a weaving manner," and "[h]is speech was slurred." Appellant was arrested, handcuffed and put in the back seat of the patrol car along with a companion. While waiting there for a tow truck, appellant and his passenger "became very abusive, using profane language. At one time, the [appellant] spit on my back and on the back seat." When the wrecker arrived, they proceeded to the jail. There appellant "stepped out [of the patrol car], made a profane abusive remark, [and] ripped the radar cord." Appellant kicked the officer "in the groin." Appellant tried to kick the officer several other times. The officers had to forcibly carry appellant up the steps to the jail. Appellant "kicked and fought all the way up." The jailer "came to the door and bent over, at that time [appellant] kicked [the jailer] right in the face, just under his eye." The arresting officer substantially corroborated this testimony. As indicated previously, appellant argues that the reason he resisted and kicked the officers was to prevent an unlawful beating. It was for the jury to reconcile the conflicting evidence. There is ample substantial evidence to support the verdict.

Appellant also contends the court erred in not declaring a mistrial when evidence of other arrests and wrongdoings was introduced at trial. Appellant first moved for a mistrial when an officer was asked on direct examination why appellant was handcuffed upon his arrest. The officer stated he handcuffed appellant because he had arrested appellant approximately twenty days before. Appellant's counsel objected and after the state withdrew the question, the objection was sustained. Further, appellant did not request that the trial judge admonish the jury regarding this testimony, and,

therefore, he is in no position to argue that the judge's failure to do so was reversible error. *Gammel & Spann v. State,* 259 Ark. 96, 531 S.W. 2d 474 (1976). Certainly, here no abuse of the trial court's discretion is demonstrated.

Appellant also moved for a mistrial after one of the arresting officers testified that appellant was placed under arrest for DWI and possession of a controlled substance. The court sustained appellant's objection and admonished the jury to "disregard the last statement of the witness." The judge reminded the jury that "I have advised you of what the defendant is on trial for here today, and ask that you [confine] your determination to that and that alone." Further, the court allowed appellant's counsel to show that appellant was tried and acquitted "of anything dealing with a controlled substance." In the circumstances, we find no abuse of the trial court's discretion in denying appellant's motion for a mistrial.

Appellant finally contends that the transcript of a hearing in chancery court concerning the issuance of a court order directing his commitment until the posting of a $1,000 bond guaranteeing his compliance with the court's child support order was not submitted to the jury. Instead it was filed by the state in response to appellant's motion for a new trial some two months after the trial. Appellant insists there was no "pickup" warrant, based on this proceeding, in existence. The only mention of the chancery proceeding was the testimony of one of the arresting officers. The officer was explaining they were looking for appellant due to the disturbance complaint and, also, because "[we] also had a pickup warrant on [appellant] out of Chancery Court." After objecting to this testimony and before a ruling by the court, the appellant's counsel asked the officer if appellant "was arrested for DWI and suspicion of disturbance or was he arrested on a Chancery Court order." The court then, after overruling the objection, instructed the jury "to disregard the substance of anything else that they may have been looking for him for" to which the jury responded they would. There is no prejudicial error demonstrated.

Affirmed.

BYRD and HICKMAN, JJ., dissent.